**TRUST COMPANY OF GEORGIA,**
Plaintiff-Appellee,

v.

**Anthony S. ITALIANO, Henry H. Blanton, Adger Smith, Defendants-Appellants.**

No. 28465

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 1970.

Stephen D. Hughes, Largo, Fla., Robert L. McDonald, Tampa, Fla., for appellants.

G. Lemuel Hewes, Henry Hall Ware, III, Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and COLEMAN, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the

Summary Calendar and to notify the parties in writing.

On June 18, 1969, the District Court granted judgment in favor of the Trust Company of Georgia, and against these appellants, in the sum of $21,325.48, with interest and attorney's fees. This action resulted from the endorsement of certain promissory notes, on which there was a default in payment.

The appeal raises only two issues.

■ The first is whether the appellants *transacted* business within the State of Georgia [Georgia Code Ann., § 24–113.1] so as to be amenable to personal service of process in another state pursuant to Rule 4(d) (7) of the Federal Rules of Civil Procedure. The District Court held in the affirmative and we think it was clearly right. These appellants were officers of a corporation which purchased and operated real estate holdings in Georgia. They were personally within the State of Georgia when they endorsed the original promissory note. That note was issued in connection with the real estate operations above mentioned. It expressly provided for future extensions. Moreover, there was a security agreement, pledging the real estate, duly recorded in Cobb County, Georgia. Obviously, the appellants transacted this business in the State of Georgia, in connection with other business which was being carried on there. This was within easy reach of a reasonably long arm and the attack upon the service of the process is fruitless, Coulter v. Sears, Roebuck and Company [5 Cir., May 13, 1970], 426 F.2d 1315.

■ It is next asserted that the District Judge should not have granted summary judgment in favor of the appellee. This was a commercial transaction, evidenced by all the customary, necessary, and appropriate documents. In the light of these writings, executed by the parties, the attempted defenses raise no genuine issue of material fact, Rule 56, Federal Rules of Civil Procedure.

The judgment of the District Court is

Affirmed.